Robert D. Kline,

      **PLAINTIFF**

        **V.**

Winter Haven Facility Operations, LLC,

      **DEFENDANT**

)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON
PLEAS, MIFFLIN COUNTY, PA
CIVIL ACTION - LAW
NO. CV – 2019 - 1528

FILED
MIFFLIN COUNTY
2020 MAR -3 AM 10: 27
PROTHONOTARY
CLERK OF COURTS

## PLAINTIFF'S COMPLAINT

**PLAINTIFF**

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

**DEFENDANT**

Winter Haven Facility Operations, LLC
c/o Corporation Service Co.
1201 Hays Street
Talahassee, FL 32301


EXHIBIT
B

Robert D. Kline,                               )    IN THE COURT OF COMMON
                                               )    PLEAS, MIFFLIN COUNTY, PA
                  PLAINTIFF                     )    CIVIL ACTION - LAW
                                               )    NO. CV – 2019 - 1528
                  V.                            )
                                               )
Winter Haven Facility Operations, LLC,          )
                                               )
                  DEFENDANT                     )
                                               )
                                               )

## NOTICE

You have been sued in court.  If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQUARE, SUITE 303
LEWISTOWN, PA 17044
717-248-3099

Robert D. Kline,

        PLAINTIFF

        V.

Winter Haven Facility Operations, LLC,

        DEFENDANT

)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON
PLEAS, MIFFLIN COUNTY, PA
CIVIL ACTION - LAW
NO. CV – 2019 - 1528

JURY TRIAL DEMANDED

FILED
MIFFLIN COUNTY
2020 MAR -3  AM 10: 27
PROTHONOTARY
CLERK OF COURTS

## PLAINTIFF'S FIRST AMENDED COMPLAINT

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein may be located at 2256 Fairview Road, McClure, PA 17841 and, at various times detailed herein, is listed on the Commonwealth of Pennsylvania "do not call" registry.

2. Plaintiff, upon information and belief, hereby alleges that at all times relevant herein Defendant, **Winter Haven Facility Operations, LLC ("Winter")** is an operator of a healthcare faculties in Florida and was served with a writ of summons in care of their agent Corporation Service Co., 1201 Hays Street, Talahassee, FL 32301.

3. Plaintiff avers that Defendant sent him a text message without his expressed written permission or any other legal reason.

4. Plaintiff believes and therefore avers that the text described herein and

placed by Defendants and/or their agents/reps, subcontractors or employees to Plaintiff's cell phone utilized "automatic telephone dialing system" ("ATDS") technology as defined by 47 U.S.C. §227 (a)(1) which is further described in the next paragraph.

5.  Plaintiff avers that, more specifically, Defendants and/or their agents, subcontractors or employees used ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enables the production of automatic calls and text messages to potential clients.

6. Plaintiff believes and therefore avers that ATDS illegal telemarketing text was made to Plaintiff's cell phone and  was made either directly or through Defendants, agents, employees and/or subcontractors without Plaintiff's written expressed written permission.

7. The illegal telemarketing activities as described herein this Complaint are in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

8. Plaintiff avers that when Defendants' ATDS equipment sent a text message to Plaintiff's cell telephone it was for the purpose of telemarketing interests of Defendants and that text messages are treated the same as illegal ATDS phone calls.

9.  Plaintiff avers that upon information and belief, since Defendants directly

engaged in illegal telemarketing activities as well as support other agents which regularly use illegal text solicitation via ATDS machines all of which they knew or should have known are done without permission of the person texted, they have willfully and knowingly engaged in illegal activities under the TCPA.

10. Plaintiff avers that Myra B. Clayton (Clayton), who is yet unnamed in this matter, is personally liable with the Defendant for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part.

11.  The Communications Act of 1934, states, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217.

12.  Plaintiff believes and therefore avers that Clayton's telemarketing operations and activities are ultra vires activities and, as such, they are not protected by the corporate veil of Winter or any other corporation that she would claim and, accordingly, she is personally liable for her own illegal actions and vicariously liable for the illegal actions of her agents as well as other employees and subcontractors that aided her in attempting to send text messages.

13. Plaintiff avers that he is not and was not a customer of the Defendant prior to the text messages described herein.

14. Plaintiff further avers that Defendant is liable for the claims of the Plaintiff as they personally participated in the illegal actions described herein because

they, inter alia, failed to supervise those agents and subordinates to include Clayton under them to assure compliance with the TCPA.

15. Plaintiff avers that the TCPA treats text messages as calls and that the TCPA was implemented to prevent illegal calls and texts like the texts described within this complaint while protecting the privacy of citizens like the Plaintiff.

16. Plaintiff avers that voluminous consumer complaints about abuses of telephone technology, such as computerized calls dispatched to private homes, prompted Congress to pass the TCPA.

17. When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

18. Plaintiff avers that in enacting the TCPA, Congress intended, inter alia, to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

19. Plaintiff avers that Congress also found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

20. Plaintiff avers that the Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995, the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

21. Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the text message described herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected under various theories.

22. Plaintiff avers that in 2003, the FCC revised its TCPA rules (the "rules") to establish, in coordination with the Federal Trade Commission (FTC), a national Do Not Call registry ('DNC").

23. Plaintiff avers that by revising its TCPA rules and establishing the DNC, the Commission provided consumers with options for avoiding unwanted telephone solicitations including text messages which Defendants are bound by.

24. Plaintiff avers the Rules referenced above state that telemarketers, subject to certain exceptions, are prohibited from initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

25. Defendants' or their agent's texts constitute texts that were not sent for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

26. The telephone texts and activities described herein below which were caused by Defendants and/or their agents violated various provisions 47 U. S. C.

§227 et seq. as well as the rules referenced above.

27.   Upon information and belief Plaintiff avers that Defendants were not registered as telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act") when they made the calls to Plaintiff.

28.   The Act provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

20.   Plaintiff avers that Winter is a "person" as defined by 47 U.S.C. § 153(39).

## COUNT I – WILLFUL VIOLATION OF  47 U. S. C. §227(b)(1)
### ILLEGAL TELEMARKETING TEXTING

21.  Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

22.   Plaintiff avers that on or about November 16, 2019 at 3:52 PM he received an illegal telemarketing text on his cell phone which is assigned the number 570-658-3448 from the number 407-805-1788 generated by Defendant and Clayton and/or their agents, subcontractors or employees.

23.   Plaintiff avers that with certain exceptions, the TCPA bans calls (including text messages) placed using an ATDS. 47 U.S.C. § 227(b)(1)  and therefore a text message is considered a "call" under the TCPA and FCC rules.

24. Plaintiff has suffered concrete injury in fact because the text referenced herein depletes both the memory and battery capacity of the Plaintiff's cell which diminishes the usefulness of his cell phone and caused him annoyance and

required time to investigate this matter.

25.   Since texting the Plaintiff as described under herein this Count was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U. S. C. §227(b), Plaintiff is entitled to, at minimum, statutory damages of $500.00.

26.   Plaintiff avers that the text referenced herein this Count is one of many and was therefore generated knowingly and willfully without proper safeguards as required by the TCPA and therefore Plaintiff is entitled to $1500.00 for the text message referenced herein this Count.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violation of the TCPA as illuminated herein this Count.

### COUNT II- VIOLATION OF
### (Knowing and/or Willful Violation of the TCPA
### "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200(d)(1) et seq.)

27. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

28.   Plaintiff has made requests to obtain a copy Defendant's written "Do-Not-Call Policy" for Winter as provided for at 47 C.F.R. 64.1200(d)(1) and did so consistent with a letters dated November 18, 2019.

29.   To date Plaintiff has not been provided any written policy and therefore Plaintiff concludes that currently none exists nor did any exist as required when Defendants called Plaintiff.

30.   Plaintiff believes and therefore avers that, since Defendants did not send

Plaintiff a copy of said policy because they do not maintain any and thus their failure to do so is a willful violation of the 47 C.F.R. 64.1200(d)(1) as described herein this Count.

31. Plaintiff avers that he is entitled to $1500.00 damages under the TCPA for the willful violation described in this count which violates 47 C.F.R. 64.1200(d)(1) pursuant to the private right of action relating to failure to follow implementing regulations.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violation of the TCPA as illuminated herein this Count.

## COUNT III - TRESPASS TO CHATTELS

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

33. Plaintiff, not Defendant or Clayton, pays money to his cell phone carrier for service and equipment which enables him to receive and make calls and texts and, therefore, his phone for all purposes herein is his personal property.

34. The phone text which is identified and described herein was made illegally by or through Defendant and Clayton to Plaintiff and was unwanted and unsolicited by Plaintiff.

35. Since said cell phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and, since Defendant's text to Plaintiff was made without his written permission, the Defendant is liable for trespass to chattels, since it diminishes the holding capacity of desired calls and

reduces battery capacity which has damaged the Plaintiff and caused concrete injury in fact.

36. Since Plaintiff has had his property damaged by Defendant he is entitled to seek money damages from Defendant in the amount of One Dollar ($1.00) for the text that is described herein this Complaint.

WHEREFORE, PLAINTIFF demands judgment against Defendant in the amount of One Dollar ($1.00) for the text that was illegally made plus the costs of this action.

## COUNT V – INVASION OF PRIVACY

37. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

38. Plaintiff avers that Defendant, in their quest to make money in their telemarketing campaign, do not use "scrubbed" lists of phone numbers which are free from cell phone numbers and the cell phone number of the Plaintiff is listed on the Commonwealth of Pennsylvania "do not call" registry.

39 Plaintiff avers that Defendant is, in effect, a sophisticated telemarketing organization that acts volitionally, plays the odds, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been in violation of the law in numerous ways.

41. Given all the averments pleaded in this suit thus far, Plaintiff considers the methods of conducting business and actions of the Defendant and Clayton that are described herein to be outrageous and highly offensive that caused the Plaintiff anxiety, mental distress as well as loss of joy of life which constitutes

further injury in fact.

42. Defendant, by engaging in the illegal behaviors described herein, especially in light the specific legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy which U.S. Congress has affirmed violates the intent of the TCPA.

WHEREFORE Plaintiff demands judgment against Defendant in the amount of Three Thousand Dollars ($3,000.00) plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

March 3, 2020

---

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

March 3, 2020

FILED
MIFFLIN COUNTY
2020 MAR -3 AM 10: 27
PROTHONOTARY
CLERK OF COURTS

## CERTIFICATE OF SERVICE

On March 3, 2020, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on the defendants listed below via U. S. Mail, postage paid addressed as follows:

Winter Haven Facility Operations, LLC
c/o Corporation Service Co.
1201 Hays Street
Talahassee, FL 32301

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448